UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONYA L. LONGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04 C 5759 |
| ) | Judge Joan H. Lefkow |
| LAW OFFICES OF GERALD E. MOORE ) | |
| & ASSOCIATES, P.C., WORLDWIDE ) | |
| ASSET MANAGEMENT, LLC, ) | |
| WORLDWIDE ASSET PURCHASING, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sonya L. Longo ("Longo") brings this putative class action against defendants, Law Offices of Gerald E. Moore & Associates, P.C., ("Moore"), Worldwide Asset Management, LLC, and Worldwide Asset Purchasing, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Presently before the court is plaintiff's motion for class certification. The court has jurisdiction over the claims under 15 U.S.C. §1692k and 28 U.S.C. §1331. For the reasons set forth below, plaintiff's motion is granted.

### BACKGROUND

Worldwide Asset Management, LLC ("WAM"), a Georgia limited liability company doing business in Illinois, purports to be "one of the largest debt buyers in the country." (Compl. ¶¶ 5, 7, hereinafter "¶ ___"). WAM purchases defaulted consumer receivable accounts from banks, consumer finance companies, telecommunication companies, and utility companies for collection. (¶ 6). At all times relevant to this suit, WAM directed, controlled, and was actively

1

involved in the business affairs of Worldwide Asset Purchasing, LLC ("WAP"), a limited liability company that also does business in Illinois. (¶ 11). WAM, WAP, and their related companies collect defaulted consumer debt by using the telephone and mail. (¶ 8). As debt collectors under 15 U.S.C. § 1692a(6), WAM and WAP are subject to the provisions of the FDCPA. (¶ 10).

Law Offices of Gerald E. Moore & Associates, P.C. ("Moore & Associates") is a Georgia professional corporation that also engages in the collection of defaulted consumer debts by using the telephone and mail. (¶¶ 15, 17). WAM and/or WAP employ Moore & Associates to collect defaulted consumer debts. (¶ 19). Moore & Associates is subject to the provisions of the FDCPA as a debt collector. (¶ 18).

On or about July 21, 2004, Longo received a form collection letter on the letterhead of Moore & Associates. (¶ 25). This letter sought to collect a credit card debt incurred for personal, family or household purposes. (¶ 26). The letter stated, in part:

> We have been authorized by our client to offer you the opportunity to settle your account for less than the balance listed above.
>
> This is a substantial savings off your present balance. If you are interested in this offer please call our office . . . within two business days of receipt of this letter. This is a limited time offer.
>
> If you have elected to make payments by phone, our office charges a processing and handling fee of $7.50 per transaction for this service. This fee is [in] addition to your actual payment and the fee will not be credited to your outstanding balance.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose.

The letter also stated that Moore & Associates was acting on behalf of DMCCB/WAP. WAP

had purchased Longo's debt, which WAM was servicing. (¶ 30).

Moore & Associates, WAP, and WAM agreed to charge a $7.50 fee if a consumer paid, by authorizing over the telephone, one of the defendants to create a check payable against his or her bank account and present it. (¶ 31). The contract creating the debt which the defendants sought to collect did not expressly provide for the $7.50 fee. (¶ 33).

Longo subsequently filed this lawsuit, alleging that the $7.50 fee charged by defendants for telephone payments violates § 1692f(1) of the FDCPA (count I). She also asserts that defendants made false or misleading representations in violation of §§ 1692e(2) and (10) of the FDCPA by asking for the $7.50 fee (count II).

## STANDARDS

"The Federal Rules of Civil Procedure ("the Rules") provide the federal district courts with 'broad discretion' to determine whether certification of a class-action lawsuit is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). Under the Rules, a determination of class certification requires a two-step analysis. First, the named plaintiff must demonstrate that his action satisfies the four threshold requirements of Rule 23(a):

> (1) numerosity (the class must be so large 'that joinder of all members is impracticable'); (2) commonality (there must exist 'questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (the representative must be able to 'fairly and adequately protect the interests of the class').

*Id.* at 594; Fed. R. Civ. P. 23(a). Additionally, the action must "qualify under one of the three subsections of Rule 23(b)." *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). In this case, plaintiff seeks certification under subsections 23(b)(3). Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that questions of law or fact

3

common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." When evaluating a motion for class certification, the court accepts as true the allegations made in support of certification and does not examine the merits of the case. *Hardin*, 814 F. Supp. at 706 (citing, *inter alia*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78, 94 S. Ct. 2140, 2152-53, 40 L.Ed.2d 732 (1974)). The party seeking class certification bears the burden of showing that the requirements for class certification have been met. *Id.* (citing, *inter alia*, *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 2372, 72 L.Ed.2d 740 (1982)). Failure to establish any one of the requirements precludes class certification. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

## DISCUSSION

Plaintiff asks this court to certify a class of "all natural persons, wherever located (a) who were sent a letter by one or more of the defendants referring to a fee for paying by telephone, (b) in connection with a debt owned or serviced by or placed for collection with WAP or WAM, (c) which letter was sent after September 1, 2003 and before September 21, 2004. Defendants oppose plaintiff's motion on two grounds. First, defendants assert that plaintiff lacks standing to bring her claim, and therefore, cannot represent the putative class. Second, defendant argues that plaintiff cannot meet the requirements of Rule 23(a).

### A. Plaintiff Has Standing to Bring Her Claim

Defendants argue that plaintiff lacks standing because the debt collection notice at issue in this case was sent to plaintiff's attorney, and not to plaintiff. Defendants cite multiple cases

standing for the proposition that a communication to a consumer's attorney does not violate the FDCPA. Those cases, however, are readily distinguishable. Unlike the notices at issue in the cases cited by defendants, the collection notice in this case was directed to plaintiff in care of her attorney and contained text plainly addressed to plaintiff. Under identical circumstances, at least one court has found that the notice implicates § 1692c(a)(2) of the FDCPA, which prohibits communications between the debt collector and a debtor who is represented by an attorney. *See Rosario v. American Collective Counseling Servs. Inc.*, 2001 WL 1045585, at *4 (M.D. Fla., Aug. 27, 2001). The FDCPA broadly defines 'communication' to mean "the conveying of information directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The *Rosario* court reasoned that since the collector intended for the letter to reach the consumer, the notice qualified as an indirect communication to a consumer under the FDCPA. This court agrees, and therefore, plaintiff has standing under the FDCPA.

**B.    The Requirements of Rule 23(a)**

1.    Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed.R.Civ.P. 23(a)(1). In order to establish numerosity, plaintiff need not allege the exact number of members of the proposed class. *Johnson v. Rohr-Ville Motors, Inc.*, 189 F.R.D. 363, 368 (N.D. Ill. 1999). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Id.* (citing *Swanson v. American Consumer Indus., Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969)). The court is entitled to make "common-sense assumptions that support a finding of numerosity." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill.1996); *see also Keele v. Wexler*, 1996 WL 124452, *3 (N.D.

Ill. Mar. 19, 1996), *aff'd*, 149 F.3d 589 (7th Cir.1998). Plaintiff alleges that defendants have sent the communications referencing a processing fee for payments made by telephone to over one million consumers per year, beginning no later than March 2003. Thus far, plaintiff has only identified fourteen potential class members that received the allegedly actionable communication. Since the communications received by those potential class members were preprinted, standardized debt collection letters, it is reasonable to assume that there are a sufficient number of potential class members to satisfy the numerosity requirement. *Chapman v. Worldwide Asset Management, LLC*, 2005 WL 3171168 (N.D. Ill., Aug. 30, 2005).

2. Commonality

Defendant does not dispute that commonality exists. To meet the commonality requirement, "there must exist 'questions of law or fact common to the class.'" *Keele*, 149 F.3d at 594; Fed. R. Civ. Pro. 23(a)(2); *see also Tylka v. Gerber Prods. Co.*, 178 F.R.D. 493, 496 (N.D. Ill. 1998) (noting that if at least one question of law or fact is common to the class, then commonality is satisfied). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele*, 149 F.3d at 594 (quotation omitted). A common nucleus of operative fact exists where "defendants have engaged in standardized conduct towards members of the proposed class." *Id.* "[T]he commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992). Because plaintiff's and the potential class members' claims arise out of the same allegedly unlawful conduct – referencing a processing fee for payments made by phone in a standardized debt collection letter – and both plaintiff's and the class members' claims involve whether such conduct violates the FDCPA, plaintiff has satisfied the

commonality requirement.

   3.   Typicality

To meet the typicality requirement, the named plaintiff's claims or defenses must be "typical . . . of the class." *Keele*, 149 F.3d at 594; Fed. R. Civ. Pro. 23(a)(3). The typicality requirement, although closely related to the commonality question, focuses on the class representative. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.*; *De La Fuente v. Stoekly-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar*, 167 F.R.D. at 57.

Defendants argue that plaintiff has not satisfied the typicality requirement because plaintiff never paid the processing or handling fee referenced in defendants' collection letter, and thus, has no damages and no identity of interest with potential class members who utilized the "payments by phone" option. Defendants understandably fail to cite any authority to support their position because Seventh Circuit caselaw is clear that a plaintiff who is eligible only for statutory damages can represent a class of persons who are eligible for both actual and statutory damages. *Jandek v. Hearst Corp.*, 1999 WL 966966, at *1 (N.D. Ill., Oct. 1, 1999) (citing *Keele v. Wexler*, 149 F.3d 589, 594-595 (7th Cir. 1998). Plaintiff and the potential class members suffered the same injury: they received collection letters that are purportedly in violation of the FDCPA. The fact that plaintiff did not pay the processing fee is largely irrelevant and does not prevent her from representing a class of persons that did pay the fee. *Id.* Plaintiff has therefore satisfied the typicality requirement.

7

4. Adequacy of Representation

To meet the adequacy of representation requirement, "the representative must be able to 'fairly and adequately protect the interests of the class.'" *Keele*, 149 F.3d at 594; Fed. R. Civ. Pro. 23(a)(4). Under Rule 23(a)(4), the adequacy of representation determination "is composed of two parts: 'the adequacy of the named plaintiff's counsel, and the adequacy of protecting the different, separate, and distinct interest' of the class members." *Retired Chicago Police Ass'n*, 7 F.3d at 598 (citation omitted).

Defendants argue that plaintiff should be disqualified as class representative under Rule 23(a)(4) because she has failed to demonstrate sufficient knowledge of and involvement in the suit to adequately protect the interests of the potential class members. "[A]s long as a class representative's interests do not conflict with those of the proposed class, she need only have a marginal familiarity with the facts of her case and need not understand the larger legal theories upon which her case is based." *Randle v. GC Services, L.P.*, 181 F.R.D. 602, 604 (N.D. Ill. 1998). Accord *Carbajal v. Capital One*, 219 F.R.D. 437, 442 (N.D. Ill. 2004). The class representative need only be conscientious and have a basic understanding of the litigation. *Carbajal*, 219 F.R.D. at 442. Defendants do not contend that plaintiff has a conflict of interest. Instead, defendants selectively quote from plaintiff's deposition testimony to argue that plaintiff has been "used by her attorneys as little more than a figurehead for bringing this litigation." Defs.' Opp'n to Pl.'s Mot. for Class Certification at 8. At her deposition, however, plaintiff demonstrated an understanding that the lawsuit involved defendants' referencing a processing and handling fee for payments made by telephone in debt collection notices mailed to consumers and their attorneys. That is sufficient knowledge of the case. *Jandek v. Hearst Corp.*, 1999 WL

8

966966, at *2 (N.D. Ill., Oct. 1. 1999) ("[A]lthough [plaintiff] learned most of what she knows from her attorneys, that is neither surprising nor offensive in the context of a FDCPA case."). Plaintiff further demonstrated an understanding that she had a responsibility to act in the best interests of the class and that some class members would be eligible for actual damages whereas she was only eligible for statutory damages. Accordingly, plaintiff is an adequate representative.

Defendants also contend that plaintiff's selected counsel are inadequate to represent the class. Under Rule 23, in appointing class counsel, the court (i) must consider: the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class; (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class; (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and (iv) may make further orders in connection with the appointment. Fed.R.Civ.P. 23(g)(1)(C).

Plaintiff has retained Edelman, Combs & Latturner & Goodwin, LLC (the "Edelman firm"), a law firm that has represented consumers in class action litigation, including a number of cases under the FDCPA. They have the experience and resources to handle the present case. The Edelman firm has previously been found by this court and others to be capable of representing consumers in FDCPA class action cases. *See Morris v. Risk Management Alternatives, Inc.*, 203 F.R.D. 336, 344-45 (N.D. Ill. 2001) (Lefkow, J.); *Krause v. GE Capital Mortgage Services, Inc.*, 1998 WL 831896 *7 (N.D. Ill., Nov. 20, 1998) (Hart, J.); *Pleasant v. Risk Management*

*Alternatives, Inc.*, 2003 WL 22175390 *5 (N.D. Ill., Sept. 19, 2003) (Coar, J.). The fact that attorneys have been found adequate in other cases is "is persuasive evidence that they will be adequate again." *Gomez v. Illinois State Bd. of Ed.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987);

Defendants point to two cases in which the Edelman firm has been sanctioned and criticized by the court for "lawsuit abuse," "forum shopping," and "pretty negligent lawyering," arguing that this shows that the Edelman firm is not qualified to represent the potential class. These cases and this exact argument have been considered and rejected by another court in this district. *See Chapman v. Worldwide Asset Management, LLC*, 2005 WL 2171168 *6 (N.D. Ill., Aug. 30, 2005). In *Chapman*, the court stated that

> the court certainly does not condone the sanctionable conduct of pursuing frivolous arguments or litigation nor does it view such conduct as evidence of vigorous representation. Nevertheless, the court does not find that these examples of sanctionable conduct show that counsel cannot adequately represent a class in this case. While counsel may in other cases have gone beyond the bounds of proper representation, their record here supports that they are competent for this case.

*Id.* The court agrees. Indeed, the Edelman firm's conduct in numerous cases before this assigned judge has been consistently professional. And since defendants have failed to identify a single case in support of their position that counsel's sanctionable conduct in an unrelated case can serve as a basis to disqualify a plaintiff as class representative, the court finds that the Edelman firm is qualified to represent the class in this case.

### C.     **Requirements of Rule 23(b)**

As noted above, plaintiff seeks certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class can be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is

superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Defendant does not contend that this action may not be brought pursuant to Rule 23(b)(3). Moreover, there is nothing in the record to suggest that the court would be required to make the type of case-by-case, fact-intensive determinations that would make a class action an inefficient means to resolve the issues in this case. *Radmanovich v. Combined Ins. Co. of America*, 216 F.R.D. 424, 435-36 (N.D. Ill. 2003) (common issues do not predominate where liability questions are not subject to class-wide proof). Accordingly, plaintiff has satisfied the requirements of Rule 23(b).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for class certification [#4] is granted. The court defines the class as "all individuals, wherever located, who were sent a letter by one or more of the defendants referencing a fee for payments made by telephone in connection with a debt owned or serviced by or placed for collection with WAM or WAP anytime after September 1, 2003 and before September 21, 2004."

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW

Dated: March 30, 2006

United States District Judge